### HEMPHILL v. DE WITT et al. (No. 7716.)*

(Court of Civil Appeals of Texas. San Antonio. March 2, 1927. Rehearing Denied March 23, 1927.)

**1. Venue ☞13—In draftsman's suit against employers and county to foreclose lien on plat book possessed by county, cause held properly transferred to county of employers' residence (Rev. St. 1925, art. 2007).**

In suit by draftsman to foreclose mechanic's lien on plat book and block map system against employers and county, which had possession, defendants could have venue changed on plea of privilege, under Rev. St. 1925, art. 2007, to counties of their residence; attempt to hold venue in county, on ground that plaintiff had established mechanic's lien on plat book and map system, being unavailable.

**2. Counties ☞208—Draftsman could not sue county for foreclosure of mechanic's lien on plat book which had become county's property.**

County, being exempt from suit for debt, could not be indirectly sued by draftsman to foreclose mechanic's lien on plat book and map system, which had become public property.

Appeal from District Court, Hildago County; J. E. Leslie, Judge.

Action by Pettus Hemphill against R. B. De Witt and others. Order transferring cause on defendants' pleas of privilege, and plaintiff appeals. Affirmed.

Neal A. Brown, of Edinburg, for appellant.

Cameron & Epperson, of Edinburg, and Edwards & Hughes, of Tyler, for appellees.

COBBS, J. Appellant sued appellees to recover on a contract; the petition alleging substantially that "Texas Plat & Map Com-

pany," having contracted with Hidalgo county to make and complete a plat book and block map system showing all surveys of land in that county, the subdivisions thereof, and the owner of each, employed plaintiff as a draftsman in this work at a salary of $250 a month for his service during regular working hours and $1.87½ an hour for overtime work; that under this agreement plaintiff earned, besides his monthly salary, $735.94 by working overtime; that said plat book and block map system, comprising 11 volumes, was completed on or about January 19, 1926, and was delivered to the defendant county on or about February 1, 1926, by the individual defendants; that, De Witt and Wilks having failed to pay plaintiff for his said overtime work, he proceeded to and did fix a mechanic's lien upon said plat book and block map system on February 8, 1926, in accordance with the statute of Texas, to secure payment of his said claim; that this plat book and block map system is "now in the possession of defendant Hidalgo county, the present owner of the same, subject to plaintiff's lien thereon" for the value of his said overtime service. The petition prayed for a judgment against the individual defendants for the amount of said claim, and as against all of the defendants, including Hidalgo county, prayed for a foreclosure of the alleged mechanic's lien upon the plat book and block map system belonging to the county of Hidalgo.

On May 14, 1926, the citations having been served, defendants De Witt and Wilks duly filed their respective pleas of privilege to be sued in Dallas and Smith counties, Tex., wherein they respectively resided. These pleas of privilege are the same as prescribed by article 2007, Tex. Civ. Stats. of 1925. On the same date defendant Wilks duly filed an affidavit stating that the "Texas Plat Book & Map Company" was not a legal entity, but only a partnership, composed of himself and C. A. McCline (instead of R. B. De Witt), and that neither himself nor McCline nor said partnership ever was domiciled in Hidalgo county

On May 20, 1926, plaintiff filed an amended petition, naming De Witt, Wilks, and McCline as defendants, and containing substantially the same allegations as the original petition; but appellant's brief, near the bottom of page 3 and top of page 4, states that the amendment omits the allegation of ownership in the defendant county, and, instead, alleges its possession of the plat book and block map system.

On June 1, 1926, defendant McCline filed his plea of privilege to be sued in Dallas county, Texas, where he resided. On the hearing of the pleas of privilege, the same were granted, and the cause transferred for trial to Smith county, Tex. We think the plea was sufficient, and complied with article 2007, R.

S. There was nothing alleged or shown that conferred venue in Hidalgo county.

[1, 2] The attempt to hold the venue in that county on the ground that plaintiff had established a mechanic's lien on the plat book and block map system, comprising 11 volumes, is unavailable for any such purpose. The county is exempt from any such suit, and not subject to be bound on the debt directly. It follows, as a matter of course, that it cannot be indirectly sued to foreclose a lien upon public property, for the suit is an attempt to subject public property to a foreclosure of a debt for which it cannot, directly or indirectly, be sued. Atascosa County v. Angus, 83 Tex. 202, 18 S. W. 563, 29 Am. St. Rep. 637; Jones Lumber Co. v. Bank (Tex. Civ. App.) 157 S. W. 472.

All assignments are overruled, and the judgment is affirmed.